UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RACHEL HOLLEY,

       Plaintiff,

v.                          CASE No.  8:12-CV-571-T-TGW

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

       Defendant.

_____

## O R D E R

       The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain reversible error, the decision will be affirmed.

_____

[1]On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security and should, therefore, be substituted for Commissioner Michael J. Astrue as defendant in this action. See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d).

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 16).

I.

The plaintiff, who was twenty-six years old at the time of the administrative hearing and who has a high school education, has worked at various jobs, including as a cashier.  She filed claims for Social Security disability benefits and supplemental security income payments, alleging she became disabled due to bipolar disorder and hip pain (Tr. 214).[3]  The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge.  The law judge found that the plaintiff has severe impairments of "history of mild, intermittent bronchial asthma; history of right femur fracture; post-traumatic right hip osteoarthritis; bipolar disorder; [and] borderline personality disorder" (Tr. 12).  In light of those impairments, the law judge found further (Tr. 14):

> The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except she can never climb ladders, ropes, or scaffolds, squat, kneel, or crawl.    The claimant remains able to only

---

[3]As the law judge noted (Tr. 9), the plaintiff also filed an application for child's insurance benefits (Tr. 147).  However, neither party mentioned that application. Accordingly, I will similarly not discuss it.

occasionally stoop and climb stairs. The claimant can have no exposure to industrial dusts, fumes, or smoke. The claimant remains able to perform simple work, more specifically defined as 1 to 4 step work.

Based upon the testimony of a vocational expert, the law judge concluded that the plaintiff can return to past work as a cashier (Tr. 17). He also determined, based on that testimony, that the plaintiff, alternatively, could also perform other jobs that exist in significant numbers in the national economy, such as ticket seller, parking lot attendant, and small products assembler (Tr. 19). Accordingly, he decided that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the

Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B). In this case, also, the plaintiff must show that she became disabled before her insured status expired on September 30, 2008, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record

-4-

compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on two grounds. Neither has merit.

A.   The plaintiff contends first that the law judge erred by finding a residual functional capacity that does not contain all of her limitations (Doc. 18, p. 9). In this respect, the plaintiff seems to suggest with respect to her physical capabilities that she is not able to perform light work, which, as the plaintiff notes, requires the ability to stand and walk for approximately six hours of an eight-hour workday (id., pp. 9-10). See Social Security Ruling 83-10, 1983 WL 31251 at *6 (S.S.A.).

In 2002, the plaintiff was involved in a motor vehicle accident that resulted in a fractured femur. As the law judge noted (Tr. 14), this was treated by an open reduction and internal fixation ("ORIF"). The law judge accordingly found that the plaintiff had severe impairments of history of right femur fracture and post-traumatic right hip osteoarthritis (Tr. 12).

The plaintiff worked after the medical procedure, including for a number of months as a cashier (Tr. 37, 163, 285). There is no record evidence showing a deterioration in the plaintiff's physical condition.

Significantly, the plaintiff does not appear to have a primary care physician and thus there are no opinions regarding the plaintiff's physical condition from a treating physician. Consequently, the plaintiff was sent for a consultative examination by Dr. Ladapo Shyngle. Dr. Shyngle had a diagnostic impression of history of bronchial asthma, mild intermittent; S/P right femur fracture with ORIF; post traumatic osteoarthritis, right hip and knee; and history of bipolar disorder, currently stable on medication (Tr. 405). He opined that the plaintiff "has moderate restriction for weight bearing activities including climbing, prolonged standing and walking because of chronic residual right hip and knee pain" (id.).

The law judge summarized Dr. Shyngle's report in his decision (Tr. 14). He concluded (Tr. 15):

> The claimant's determined physical residual functional capacity is consistent with Dr. Shyngle's opinion. As discussed above, Dr. Shyngle opined the claimant has a moderate restriction for weight bearing activities like climbing or prolonged standing and walking. Work activity at the light exertional level is consistent with these activities (Exhibit 3F). No additional limitations for standing and walking were included due to the absence of any objective evidence to suggest the claimant requires any additional limitations. The

claimant walked with a limp when she went to the consultative examination to assess her physical limitations, but was then noted to have no gait difficulties at all when she went to the consultative examination to assess her mental condition (Exhibits 3F, 4F). The undersigned also notes the claimant's reported ability to care for her young child and go for walks, which are consistent with the determined physical residual functional capacity (Exhibit 4E).

The plaintiff has not even acknowledged this explanation, much less challenged it. Thus, for example, the plaintiff has not pointed to any evidence that would call into question the law judge's conclusion that "[n]o additional limitations for standing and walking were included due to the absence of any objective evidence to suggest the claimant requires any additional limitations." Consequently, this conclusion stands uncontradicted.

While the plaintiff makes the conclusory assertion that the plaintiff, "based on the evidence and her testimony, could not be expected to stand or walk six hours out of an eight hour workday for any period of time due to her femur fracture and post-traumatic arthritis," she does not cite any evidence in support of that assertion (see Doc. 18, p. 11). Significantly, the scheduling Order required the plaintiff to support each discrete challenge "by

citations to the record of the pertinent facts" (Doc. 17, p. 2). For failure to comply with this requirement, the assertion that the evidence shows that the plaintiff could not stand or walk for six hours is deemed abandoned.

In all events, the law judge explained why he concluded that the evidence did not require any additional limitations. As indicated, the plaintiff has not challenged that conclusion. Therefore, the plaintiff's contention that the law judge erred in his finding of the plaintiff's physical residual functional capacity is unsupported and meritless.

The plaintiff also makes a conclusory assertion that her mental impairment limited her ability to function (Doc. 18, pp. 10-11). Again, in violation of the scheduling Order, the plaintiff does not cite to any evidence in the record to support her assertion. Thus, this assertion is properly deemed abandoned.

Regardless, the law judge evaluated the plaintiff's mental status in detail. The law judge explained the plaintiff had mental limitations as follows (Tr. 13):

> In activities of daily living, the claimant has no restriction.    The claimant, her mother, her grandmother, and her friend have all reported her

as able to perform activities of daily living like caring for her child, preparing meals, and shopping (Exhibits 4E, 6E, 7E, 11E). In social functioning, the claimant has mild difficulties. While the claimant has been diagnosed with a personality disorder, mental health treatment records frequently describe her as having adequate interpersonal skills and an adequate number of friends, and as looking for work, all of which are consistent with no more than mild difficulties in social functioning (Exhibits 10F, 12F). The claimant has also reported having company over (Exhibit 4E). With regard to concentration, persistence or pace, the claimant has moderate difficulties. The claimant's mental diagnoses are consistent with some difficulty in this area, and she is at times described as having poor concentration and impaired memory (e.g., in January 2010, Exhibit 1F). However, the claimant is still reportedly able to read, solve puzzles, do word searches, care for her child, and care for pets, all of which are consistent with no more than moderate difficulties in concentration, persistence, or pace (Exhibits 4E, 4F). As for episodes of decompensation, the record contains no evidence that the claimant has experienced any episodes of decompensation, which have been of extended duration. The undersigned notes the claimant's admittance to a crisis stabilization unit in January 2010 after reportedly overdosing on lamotrigine, but this is clearly not an episode of decompensation of extended duration. The claimant reportedly took numerous lamotrigine due to problems she was having in the relationship with her boyfriend, but was discharged in stable

condition two days later (Exhibit 2F). The record contains no evidence of any hospitalizations again after this time.

The law judge subsequently recounted the evidence bearing on the plaintiff's mental status at length (Tr. 15-16). He then concluded (Tr. 17):

> Considering the moderate difficulties in concentration, persistence, or pace the claimant experiences from her mental impairments, she is limited to only simple work, more specifically defined as 1 to 4 step work. As discussed above in Finding 5, significant weight was accorded to the opinions of DDS consultants Drs. [Susan] Shapiro and [David] Clay since they are licensed psychologists familiar with the evidentiary requirements of the Social Security Regulations. While both opined the claimant has no severe mental impairment at all, the claimant was given the benefit of the doubt and found to be limited to simple work given the poor concentration and impaired memory that was noted when she was initially seen at Winter Haven Hospital (Exhibits 1F, 6F, 9F). The poor concentration and impaired memory was noted prior to the claimant receiving any mental health treatment, including medication. As detailed above, the claimant's mental condition appears to be quite stable with essentially no mental status abnormalities, when receiving proper treatment and medication. The claimant testified at the hearing that she is currently not taking any medication because she is pregnant. A limitation for only simple work will likely be unnecessary

> when the claimant returns to her normal medication
> regimen.

The plaintiff has made no attempt to show that this assessment is flawed. Therefore, the plaintiff's contention that the law judge erred in the determination of the plaintiff's mental residual functional capacity is unavailing.

B. The plaintiff's second issue is that the law judge did not have a substantial basis for dismissing the plaintiff's testimony concerning her nonexertional impairments. This contention also lacks merit.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that, under this test, there is objectively

determined medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge properly applied the Eleventh Circuit's pain standard. The law judge recognized the need to articulate a credibility determination, and he referred to the pertinent regulations and Social Security rulings (Tr. 14). Moreover, he even cited Landry (id.). This demonstrates that the law judge employed the proper analysis. See Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

On this issue, the plaintiff focuses on her mental status. As previously shown, the law judge evaluated that condition in depth. Moreover, he gave cogent and adequate reasons for his determination of the plaintiff's mental residual functional capacity.

With respect to the credibility of the plaintiff's testimony concerning her mental impairment, the law judge stated (Tr. 17):

The claimant's allegations concerning the limiting effects of her symptoms are found to be not fully credible due to inconsistencies between them and the evidence of record. For example, the claimant has alleged significant social functioning limitations, and her representative suggested at the hearing that she could only occasionally interact with co-workers and supervisors, and never be around the general public. However, the claimant's treatment records frequently document her as engaging in activities that are inconsistent with those limitations. Peace River Center records indicate she was attending school, working, and met a man in a club, throughout 2006 (Exhibit 10F). The claimant also reported to consultative examiners Drs. [William W.] Austin and [Roy E.] Arroyo that she was socializing with friends in 2010 (Exhibit 4F). Lastly, the undersigned notes the claimant's reports of searching for work throughout the period at issue, which is inconsistent with allegations of an inability to work (Exhibits 10F, 12F).

Especially in light of the other extended discussion of the evidence bearing on the plaintiff's mental status (see pp. 9-11, 11-12, supra), this is a reasonable and adequate explanation for the law judge's credibility finding regarding the plaintiff's mental impairment. Further, the plaintiff's own testimony on that impairment seriously hampers, if not destroys, the plaintiff's credibility challenge. Thus, the plaintiff testified that her

medication helps her bipolar disorder "extremely well" (Tr. 28). The law judge, as indicated, considered the positive effects of the plaintiff's medication in his credibility assessment. The plaintiff, in contrast, does not mention this factor in her credibility challenge.

The law judge in his credibility finding also considered that two nonexamining reviewing psychologists opined that the plaintiff did not even have a severe mental impairment, much less a disabling one (Tr. 17; see Tr. 421, 453). In her credibility challenge, the plaintiff again does not discuss this evidence relied upon by the law judge.

The law judge, in addition, pointed out in his discussion of the evidence bearing on the plaintiff's mental status that the plaintiff did not obtain any mental health treatment between September 2007 and January 2010 (Tr. 15-16). This lengthy gap in mental health treatment also undermines the plaintiff's claim of "a lifetime of severe mental illness" (Doc. 18, p. 13).

The plaintiff's credibility challenge essentially consists of quibbles of some points made by the law judge in his decision. Those

complaints are unpersuasive and certainly do not compel a contrary credibility finding. See Adefemi v. Ashcroft, supra.

The plaintiff appears to complain about the law judge considering the plaintiff's activities of daily living. That, however, was simply one factor in the law judge's assessment of the plaintiff's mental status. Moreover, it is clearly proper for the law judge to consider such activities in assessing the plaintiff's credibility. Macia v. Bowen, 829 F.2d 1009, 1011-12 (11th Cir. 1987); Couch v. Astrue, 267 Fed. Appx. 853, 856 (11th Cir. 2008). In fact, the regulations provide that daily activities are to be considered in determining the credibility of the plaintiff's subjective complaints. 20 C.F.R. 404.1529(c)(3)(i), 416.929(c)(3)(i).

The plaintiff also criticizes the law judge's reference to her statements about looking for work. In this respect, she says that looking for work is not the same as being able to work (Doc. 18, p. 13). This response misses the law judge's point. The law judge, in assessing the plaintiff's credibility, was pointing out that a statement to others that she was looking for work (Tr. 460, 506) is inconsistent with her claim that she is disabled.

In sum, the law judge's credibility finding regarding the plaintiff's allegations concerning her mental status is reasonable and adequately explained. The challenge to that finding therefore fails.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED. The Clerk is directed to enter judgment accordingly and to CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 30th day of April, 2013.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE